FILED
IN CLERKS OFFICE
2004 APR ...

UNITED STATES DISTRICT COURT
FOR THE DEPARTMENT OF HOMELAND SECURITY. U.S. DIST BOSTON, MASSACHUSETTS.
A# A43822323                    DISTRICT OF MARCH 28, 2004.

## PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT
## TO 28 U.S.C. § 2241

VITOR ALMEIDA, A 43822323
Petitioner,

      V.

JOHN ASHCROFT
Attorney General
Mr. ZIGLAR
INS Commisioner
Suffolk County House of Correction, Steven Farquhurson
INS District director for Boston District OFFICE, etc...
Respondents,

Petitioner, Vitor Almeida, hereby petitions this Court for a writ habeas corpus to remedy Petitioners unlafull detention by Respondents. In support of this petition, and complaint for injunctive relief, Petitioner alleges as follows.

1. Petitioner is in the physical custody of Respondents and the INS. Petitioner is in the detention at Suffolk County House of Correction (I.C.E detention center)in Boston, MA, 20 Bradston st, 02118, Bldg 8-2.

   Petitioner is in direct control of Respondents and their agents.

2. This action, arises under the Constitution of the U.S. and the INA, 8 USC § 1101 et seq as amended by IIRIR act of 1996 Pub.L. No. 104-208, 110 Stat 1570 and APA. 5 U.S.C § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C §2241 ; art. I §9 cl 2 of U.S. Constitution and 28 U.S.C. 1331 as the Petitioner is presently under custody under color of the U.S, and such custody is in violation of the Constitution, laws or treaties of the United States.
This Court may grant relief pursuant to 28. US.C §2241, 5 U.S.C § 702 and All Writs Act, 28 USC §1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

5. Petitioner is a native citizen of Portugal. Petitioner was first taken into INS custody on April 2nd 2003, and has remained in INS custody continuously since that date. Petitioner was ordered removed on June 17, 2003

6. To date, however, the INS has been unable to remove Petitioner to Portugal or any other country, continuing to unlawfuly detain the Petitioner in INS (ICE) detention facility.

7. Petitioner has cooperated fully with all efforts by the INS to remove him from the United States.

8. Petitioner's custody status was first reviewed on August 12 2003. On August 12, 2003, Petitioner was served with a written decision ordering his continued detention.

9. In Zadvydas v Davis , 533 US. 678 (2001), the Supreme Court held that six months is the presumptively resonable period during which INS may detain aliens in order to effectuate their removal and the six months has expired since January 17, 2004.

10. Petitioner was ordered removed on June 17, 2003 and the removal order became final on 17 June 2003. Therefore, the six months presumtively reasonable removal period ended on December 17, 2003/ January 17, 2004.

11. Petitioner re-alleges and incorporates by reference paragraphs 1 thorough 10 above.

12. <u>Petitioner's</u> continued detention by Respondents is unlawful and contravenes 8 U.S.C § 1231 (a)(6) as interpreted by the supreme Court in <u>Zadvydas</u>. The six months presumptively resonable period for removal efforts has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removal to Portugal or any other country is not significantly likely to occur in the resonably foreseeable future.

13 Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

<u>PRAYER FOR RELIEF</u>:

Wherefore, Petitioner prays that this Court grant the following relief:
1. Assume jurisdiction over this matter;
2. Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;
3. Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner.
4. Grant any order other and further relief that this court deems just and proper.

I am not at flight risk because I will live at: 189 Magill street, 2nd floor, Pawtucket, R.I 02860 with my.
When I am released, I will concentrate on working and supporting my family. I am prepared to comply with all restrictions imposed on me as part of my release.

<u>Respectfully submitted</u>,                         March 28, 2004.
Vitor Almeida, Pro-se
x Victor Almeida
20, Bradston st. Unit: 8-2, Boston, Mass. 02118